**MINNESOTA MINING AND MANUFACTURING COMPANY, corporation of Delaware, Plaintiff-Appellee,**

v.

**George B. RYNNE, an individual; Eco-Chem, Inc., a Minnesota corporation; Eco-Chem, Ltd., a Georgia corporation; Macdermid of Bristol, Inc., a Connecticut corporation, Defendants-Appellants.**

**Civ. No. 81–1118.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1981.

Decided Oct. 21, 1981.

Harry N. Ray, Ltd., Harry N. Ray, Minneapolis, Minn., for defendants-appellants.

Merchant, Gould, Smith, Coell, Welter & Schmidt, P.A., Norman P. Friederichs, Minneapolis, Minn., for plaintiff-appellee.

Before BRIGHT and ROSS, Circuit Judges, and GIBSON, Senior Circuit Judge.

PER CURIAM.

Minnesota Mining and Manufacturing Corporation (hereinafter 3M) filed suit against George B. Rynne, a former employee, on September 3, 1980, for violation of an employment agreement and misappropriation of trade secret information. The complaint also named as defendants Eco-Chem, Inc., Eco-Chem, Ltd., and Macdermid of Bristol, Inc. The complaint alleged that George Rynne misappropriated certain proprietary information in conducting business through Eco-Chem, Inc. Eco-Chem, Inc. subsequently merged into Eco-Chem, Ltd., a Georgia corporation.

On September 9, 1980, Eco-Chem, Ltd., Eco-Chem, Inc., George Rynne, and his wife Stephanie Rynne filed an action against 3M in the United States District Court for the Northern District of Georgia, alleging breach of contract and antitrust causes of action. The plaintiffs in that suit alleged that they had the right to carry on their business free from interference by 3M.

On November 26, 1980, on motion of 3M, the Minnesota district court enjoined Rynne et al. from proceeding with the Georgia action. At the same time, the court denied a motion by Rynne et al. to dismiss 3M's action for lack of diversity jurisdiction or, in the alternative, to transfer the action under 28 U.S.C. § 1404(a).

In granting 3M's motion for a preliminary injunction, the Minnesota court found that the Georgia action arose out of the same operative facts as the Minnesota controversy. The court found that there were no "extraordinary circumstances" present which would remove this case from the general rule that "the first court obtaining jurisdiction over the parties will adjudicate

the controversy," thereby avoiding "vexatious litigation of the same subject matter, as well as judicial and economic waste . . . ."

In the motion of Rynne et al. to dismiss 3M's action, the movants alleged that at the time 3M filed its action, both 3M and Eco-Chem, Inc. were Minnesota citizens for diversity purposes and that, therefore, the federal court lacked subject matter jurisdiction. In denying the motion for dismissal, the court considered alternative rationales, either of which supported the determination that it had subject matter jurisdiction to proceed in the case.

The first basis for the decision was a finding of a *de facto* merger between Eco-Chem, Inc. and Eco-Chem, Ltd. whereby Eco-Chem, Inc. acquired Georgia citizenship at the time the *de facto* merger took place. The second and alternative basis was a finding that Eco-Chem, Inc. was not a necessary party to the action and could be dismissed under F.R.Civ.P., Rule 21.

The court invited the parties to file additional briefs on this issue. The court stated that if no briefs were filed, Eco-Chem, Inc. would be dismissed. By order of December 12, 1980, the court noted that it had not received any response from Rynne et al. and it dismissed Eco-Chem, Inc. from the action.

Rynne et al. here challenge the issuance of the preliminary injunction and the dismissal of Eco-Chem, Inc. We affirm the district court decisions and orders.

Rynne et al. assert in this appeal that the Minnesota court did not have to enjoin the Georgia action because (a) the first party to file a suit is not always entitled to enjoin a subsequent similar suit, and (b) misappropriation of trade secrets and antitrust claims are not compulsory counterclaims. However, neither of these assertions, even if both were true, would be dispositive. It is of no relevance here that the Minnesota court did not *have* to enjoin the Georgia action. What is important is that such action was within the discretion of the Minnesota court.

The granting of a preliminary injunction will not be disturbed upon appeal unless the lower court has abused its discretion. *E. g., Pratt v. Stout et al.,* 85 F.2d 172, 177 (8th Cir. 1936). In this case, the district court carefully and explicitly balanced the interests of the parties in the Georgia as well as the Minnesota suit. It decided that the matter should be heard in Minnesota. This decision was within the bounds of the court's sound discretion.

Next, Rynne et al. appeal the dismissal of Eco-Chem, Inc. The Minnesota district court found that all that remains of Eco-Chem, Inc. in Minnesota is the corporate name. Eco-Chem, Inc. has no officers or directors, no assets and no liabilities. Eco-Chem, Inc. stock was converted to Eco-Chem, Ltd. stock. All assets of Eco-Chem, Inc. were transferred to Eco-Chem, Ltd. These facts are sufficient to persuade us that a *de facto* merger did occur. The district court, therefore, did not err in dismissing Eco-Chem, Inc. from 3M's suit. The Minnesota federal court does have subject matter jurisdiction to hear the case.

Orders of the district court affirmed.